

GALLO GEFFNER FENSTER, P. C.
Country Club Plaza
115 W. Century Road
Paramus, New Jersey 07652
(201) 262-1600
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Daren M. Amico, Doreen Amico, his wife<br><br>Plaintiffs,<br><br>vs.<br><br>Duracal Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-V<br><br>Defendants. | 04-4924<br>CIVIL ACTION NO: CWGB)<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiffs, Daren M. Amico, his wife, Doreen Amico, residing at 24 Pleasant Avenue, Passaic County, New Jersey, by way of Complaint against the defendants herein says:

### FIRST COUNT

1.  Plaintiff, Daren M. Amico is a worker who from on or about June, 1992 to on or about March, 1994 has used, handled or been otherwise exposed to a quick drying cement product known under the trade name Duracal Cement, in a manner that was reasonably foreseeable.

F:\COMMON\PTNSWP\LETTER.083

2. During Plaintiff's use, handling and exposure to the cement in question, he ingested, inhaled, and otherwise came into bodily contact with said cement.

3. The true names and capacities of the defendants identified as ABC Manufacturing, I-V and XYZ Distributors I-V are unknown to plaintiffs at this time. Therefore, plaintiffs sue them by those fictitious names. When the true names and capacities of those Defendants are ascertained, Plaintiffs will amend their complaint accordingly.

4. Defendant Duracal Cement and Industrial Gypsum Division of United States Gypsum Company, a Subsidiary of USG Corporation ("Duracal") and/or ABC manufacturing I-V was/were responsible for the design and manufacture of the cement in question.

5. Defendant (s) negligently and defectively designed, manufactured, and distributed said cement. Defendant knew or should have known that the product aforestated may cause irreparable and permanent harm to the user of said product.

6. Plaintiff discovered for the first time, the culpability of the said defendant's and the relationship of the defective product to his medical condition in February of 1998 when the same was diagnosed.

7. As a result of the negligence of the Defendant (s) aforesaid Plaintiff Daren M. Amico was caused to be seriously and permanently injured, and to suffer great emotional pain, and will continue to so suffer. Plaintiff was caused in the past, and will in the future to be caused to obtain medical care and treatment for the injuries he received, and was and continues to be unable to attend to his usual pursuits and occupations.

**WHEREFORE**, Plaintiff Daren M. Amico and Doreen Amico demands judgment against the defendant (s), Duracel Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-

F:\COMMON\PTNSWP\LETTER.083

V, for damages, together with costs of suit.

## SECOND COUNT

1. Plaintiff repeats the allegations in the First Count as if set forth at length herein.

2. The above mentioned cement was sold, distributed or marketed by Defendants, individually and/or collectively.

3. Defendant (s) XYZ Distributors I-V knew or should have known that the cement in question was defective and was negligent in the sale, distribution or marketing of said product.

4. As a result of the negligence of the Defendant (s) aforesaid, Plaintiff, Daren M. Amico, was caused to be seriously and permanently injured and to suffer great emotional pain and will continue to so suffer. Plaintiff was caused in the past and will in the future be caused to obtain medical care and treatment for the injuries he received, and was, and continues to be unable to attend to his usual pursuits and occupations.

**WHEREFORE**, Plaintiffs, Daren Smico and Doreen Amico demands judgment against the Defendant(s), Duracel Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-V, for damages together with interest and costs of suit.

## THIRD COUNT

1. Plaintiff repeats the allegations in the previous counts as if set forth herein at length.

2. On the date and time aforesaid, the defendants (s) put this product into the stream of

F:\COMMON\PINSWP\LETTER.063

commerce having knowledge that the cement's chemical composition could cause extreme harm or injury to users thereof and failed to appropriately warn of said hazard and the dangers that it posed to users thereof, including the plaintiff.

3. As a result of the defendant (s)' failure to appropriately warn plaintiff of the defect and potential danger of the cement in question, Plaintiff, Daren M. Amico, was caused to be seriously and permanently injured and to suffer great emotional pain and will continue to so suffer. Plaintiff was caused in the past and will in the future be caused to obtain medical care and treatment for the injuries he received, and was and continues to be unable to attend to his usual pursuits and occupations.

**WHEREFORE**, Plaintiffs, Daren Amico and Doreen Amico demands judgment against the Defendant(s), Duracel Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-V, for damages together with interest and costs of suit.

## FOURTH COUNT

1. Plaintiff repeats the allegations in the previous counts as if set forth at length herein.

2. Prior to the use of the cement by plaintiff,
defendant (s) induced purchases of the cement by expressly warranting to plaintiff and other intended users of the cement by advertisements directed to the attention of the public and particularly to ultimate consumers that those consumers, including plaintiff, could safely use the cement for its intended purpose and that that use would require no attention or special precautions. Defendant expressly warranted in its advertising that the cement was safe.

F:\COMMON\PINSWP\LETTER.OB3

3. In using the cement which caused the plaintiff's injuries, plaintiff relied on the skill and judgment of the defendant (s) and on defendant (s)' express warranty by advertisements or otherwise directed to the attention of the public and particularly to the ultimate consumers, including plaintiff, that the cement could safely be used and expressly warranting, through such advertisements, that the cement was safe and free from defects.

4. At the time of plaintiff's use of the cement, defendant (s)' express warranties were not true and the cement was not safe or reasonably suitable and fit for the uses advertised by the defendant (s) to the public, including the plaintiff. Those breaches of express warranties by defendant (s) were a proximate cause of the plaintiff's accident and injuries as alleged in this complaint.

5. As a result of the breach of express warranties by the defendant (s) aforesaid, plaintiff, Daren M. Amico, was caused to be seriously and permanently injured and to suffer great emotional pain and will continue to so suffer. Plaintiff was caused in the past and will in the future be caused to obtain medical care and treatment for the injuries he received, and was and continues to be unable to attend to his usual pursuits and occupations.

**WHEREFORE**, Plaintiffs, Daren M. Amico and Doreen Amico, demands judgment against the defendant (s), Duracel Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-V, for damages, together with costs of suit.

### FIFTH COUNT

1. Plaintiff repeats the allegation in the previous counts as if set forth at length.

F:\COMMON\PINSWP\LETTER.083

2. Defendant (s), by releasing the cement to various distributors for retail sale, impliedly warranted the product was fit for the purpose for which it was designed, that it was a safe and suitable instrument to be used and that the cement was fit and suitable for its intended purpose. In reliance on defendant(s)' skill and judgment and the implied warranties of fitness for that purchase, plaintiff used the cement.

3. Defendant (s) impliedly warranted that the cement was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which such cement is designed and used. In reliance on that implied warranty of merchantability by defendant (s), plaintiff used the cement.

4. The cement manufactured by the defendant (s) and used by plaintiff was not of merchantable quality; rather it was unfit, unsafe, and unusable for the purpose for which it was intended. The condition of the cement constituted a breach of defendant (s)' implied warranty of merchantability.

5. As a result of the defendant (s)' breach of implied warranty of merchantability aforesaid, plaintiff, Daren M. Amico, was caused to be seriously and permanently injured and to so suffer great emotional pain and will continue to so suffer. Plaintiff was caused in the past and will in the future be caused to obtain medical care and treatment for the injuries he received, and was and continues to be unable to attend to his usual pursuits and occupations.

**WHEREFORE**, Plaintiffs Daren M. Amico and Doreen Amico, demands judgment against the defendant (s), Duracel Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-V, for damages, together with costs of suit.

F:\COMMON\PINSWP\LETTER.083

## SIXTH COUNT

1. Plaintiff repeats the allegations in the previous counts as it set forth at length herein.

2. The plaintiff, Doreen Amico was at the time plaintiff, Daren M. Amico incurred his injuries, and is to date the wife of plaintiff, Daren M. Amico and is entitled to services and consortium.

**WHEREFORE**, Plaintiffs, Daren Amico and Doreen Amico demand judgment against the Defendant (s), Duracel Cement and Industrial Gypsum Division of United States Gypsum Company, A Subsidiary of USG Corporation, ABC Manufacturing, Co., I-V, XYZ Distributors I-V, for damages together with interest and cost of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury of at least six (6) persons as to all issues.

GALLO GEFFNER FENSTER, P.C.
Attorney(s) for Plaintiff(s)

Dated: October 7, 2004     BY: _____
                               Jay Joseph Friedrich

F:\COMMON\PJNBWP\LETTER.083

## CERTIFICATE OF SERVICE

I, Elizabeth A. Calistri, certify that the original of the within Complaint have been forwarded via hand delivery to: Clerk of United States District Court, United States District Court, District of New Jersey, Martin Luther King Jr. Federal Bldg. & U.S. Courthouse 50 Walnut Street, Newark, New Jersey 07101, and a copy of same forwarded to Mary S. Cook, Esq., Wilbraham Lawler & Buba, 24 Kings Highway West, Haddonfield, New Jersey via facsimile and Lawyer's Service.

_____
Elizabeth A. Calistri

Dated: October 7, 2004